UTICA,
Aug. 1828.

Murray
v.
Long.

MURRAY *vs.* D. & A. LONG.

An action for a malicious prosecution will not lie, unless the want of probable cause is substantially proved. Proof of malice alone will not sustain the action. From the want of probable cause, malice may be implied, but the want of probable cause cannot be implied from the most express malice.

THIS was an action for a malicious prosecution, tried at the Genesee circuit in April, 1828, before the Hon. John Birdsall, one of the circuit judges. The declaration contained two counts in the ordinary form. The plea was the general issue.

The plaintiff proved that he was arrested by the sheriff of Genesee, on a warrant issued by D. H. Chandler, Esq. one of the judges of that county, on a charge of murder, committed to prison, where he remained about a week, when he was discharged by the order of the judge. It appeared that the defendants took an active agency in procuring the complaint to be made, and the plaintiff to be arrested. At the request of the defendants, Judge Chandler, in February, 1826, proceeded to the house of one Johnson, in the town of Pembroke, to take the examination of a daughter of Johnson, of the name of Miranda, where he found A. Long, one of the defendants, who desired Miranda to relate her story to Judge Chandler; who accordingly stated that she had lived at Murray's house about a year previous to her examination, that a stranger came there in the evening, and put up for the night, that Murray took his saddle-bags, that Murray and one Morey, a stage-driver, who boarded at Murray's, sat up most of the night, that in the morning the stranger came down, and asked for some water to wash, that he went out of the back door to the pump, and on his return was met by Murray with a club, who struck him on the head and killed him; that Murray, his son James, and Morey, took the body over the garden fence, carried it 20 or 25 rods east, and buried it in a low, marshy piece of ground, near a log in the public highway, about day light, that the plaintiff, on his return from burying the body, took her (the complainant) into a room, and told her, that if she ever said any thing about it, he would kill her. That she had never told of it till then,

for fear that Murray would kill her. Whilst Miranda was making this statement, Murray came in, in a boisterous manner, and said that he had heard that something was going on in relation to him, and he wanted to know what it was. When Murray came in, Miranda appeared to be very much afraid of him, and ran out of the room. Previous to his entrance, she appeared to be timid, and, as one of the witnesses stated, acted rather strangely. At the time Murray entered the room, Judge Chandler had taken down, in writing, the statement of Miranda, and was about to administer an oath to her, but the abrupt entrance of Murray seemed wholly to disqualify her from taking the oath, or from being further examined. Judge Chandler testified, that when Miranda ran out of the room, she went to a neighboring house, where he saw her soon afterwards, but she was not in a fit state of mind to be examined; that considering the case of a nature demanding further examination, he committed Murray to the custody of the sheriff. The sheriff, who was present at the examination, also testified, that from the relation of Miranda and the circumstances, he thought at the time that Murray was guilty, and such appeared to be the general impression of those assembled at Johnson's. An attempt was made the next morning further to examine Miranda, but she was not in a fit state of mind for the purpose. The husband of Miranda testified, that he had heard her, when under the operation of fits, speak of the murder; but when in her right mind, she desired the family not to say any thing about it. Miranda herself testified, on the trial of this cause, that she had no recollection of ever talking about Murray's having killed a man, and had no recollection of having seen Judge Chandler and the sheriff at her father's house. It appeared that the defendants attended Miranda as physicians.

It further appeared in evidence, that Morey, the stage-driver, was brought before the magistrate, and he, as well as Murray's son, examined; that search was made for the body of the supposed murdered man, by the sheriff and others; and the result was, that both the judge and the sheriff became satisfied of Murray's innocence, and published certificates of

their full belief in his innocence ; and the sheriff, by the direction of the judge, discharged Murray from prison. A number of witnesses were called, who proved a long continued hostility between Murray and D. Long, one of the defendants ; that they had been engaged in many law suits, and had frequently procured indictments against each other, particularly by Long against Murray.

The evidence being closed, the judge directed the plaintiff to be nonsuited. A case was made with a view of applying to this court to set aside the nonsuit, and to grant a new trial, which was submitted on written arguments by

*H. Brown*, for plaintiff.

*D. H. Chandler*, for defendants.

. *By the Court*, SUTHERLAND, J.  This is an action for a malicious prosecution. The plaintiff was nonsuited at the trial, which nonsuit he now moves to set aside. The essential ground of this action is, that a legal prosecution has been carried on *without a probable cause*. The evidence in the case failed to establish that fact. The defendants took an active agency in procuring the complaint to be made, and the plaintiff to be arrested ; but if they believed the story of Miranda Johnson, they did in this no more than their duty. Miranda Johnson repeated the same story to Judge Chandler, upon the strength of which he issued a warrant for the arrest of the plaintiff. Her story was told to several persons, who seem to have believed it. Her parents appear to have believed it ; and although she was infirm in mind and body, and subject to fits, it does not appear that her declarations were considered unworthy of credit or belief. A jury certainly would not be justified, on the evidence in this case, in saying that there was no probable cause for the proceedings against the plaintiff, although they might believe that the defendants were actuated by improper and malicious motives. But malice alone will not sustain the action. It requires malice and the want of probable cause. From the want of probable cause malice may be implied ; but the want of probable cause cannot be implied from the most express malice. It

must be substantially proved. (2 *Phil. Ev.* 111, 12, 13, *tit. Malicious Prosecution.*) The plaintiff, therefore, was properly nonsuited, and the motion to set aside the nonsuit, and for a new trial, must be denied.