AMABLE SENECAL and another *v.* MARIE ANTOINETTE SMITH.

An action against one who had instituted a suit against plaintiffs by attachment, in which there was judgment in favor of the latter, for damages beyond the amount of the attachment bond, on the ground of the proceeding being malicious, cannot be considered as an action on the bond for an illegal attachment.  It is in the nature of an action for a malicious prosecution; and in such a case malice, and the want of probable cause for the original action, are essential.  Malice may be proved expressly, or be inferred from the total want of probable cause of action; but malice alone, however great, if there was probable cause for the prosecution, is insufficient to maintain an action for damages for a malicious prosecution.

To entitle a party to institute a demand in reconvention, it must be shown to be necessarily connected with, or incidental to the main cause of action (C. P. 375); unless the plaintiff reside out of the State, or within the State in a different parish from the defendant, when such demand may be made for any cause, though in no way connected with nor incidental to the main cause of action.  Act 20 March, 1839, § 7.

APPEAL from the District Court of the First District, *Buchanan*, J.

MORPHY, J.   The petitioners allege that on the 20th of November, 1838, the defendant brought against them a suit in which she levied an attachment on the goods forming their stock in trade, and at the same time took out an order of bail against Amable Sénécal, who was arrested and held in custody,

Sénécal and another v. Smith.

under bail in the sum of $13,000, for a great length of time; that they obtained in said suit a verdict and judgment in their favor, which were afterwards affirmed by this court; that, in consequence of the wrongful suing out of this attachment, and of the defendant's other illegal proceedings therein, their credit has been destroyed here and abroad; their good name and reputation as merchants slandered by the allegations of fraud contained in her petition, and their property sold at an enormous sacrifice, to satisfy privileged claims; that Sénécal, the only partner then in New Orleans, being under bail, could neither prevent nor remedy the evil, and that he has been deprived of the benefit of continuing the course of the business of his firm, which consisted in the importation of French goods; that the suit thus entered by the defendant was brought wickedly and maliciously, in order to vex them, and to extort from them a certain sum of money, she well knowing that she had no right of action for the same; that in consequence of this illegal and malicious conduct on the part of the defendant, they have been placed in a situation which made it impossible for them to pay the just debts of the partnership, and have suffered damages to the amount of forty thousand dollars, for which sum they pray for a judgment. The defendant, after a general denial, avers that it is false that, in consequence of the order of attachment she obtained against them, the plaintiffs, or either of them, suffered any damage whatsoever; that the goods ordered to be attached were immediately bonded and released, upon their giving Vincent Aicard as their surety that they would satisfy such judgment as might be rendered in the suit; that if their goods were subsequently sold it was at the suit of their landlord, to whom they had refused or neglected to pay the rent due for the store they occupied; that the plaintiffs were then, and still are insolvent, as through insolvency or bad faith they refused or neglected to pay to her large sums, to wit., $1000 per annum, which their firm had engaged to pay to her during the three years for which the partnership was formed; and that owing to the misconduct of Jean Cauchois, and their refusal to pay their just debts, the firm could not enjoy any credit. The defendant further avers, that it is false to say that Sénécal was

prevented from going out of the country by the order of bail
sued out by her, as by the terms of their co-partnership, one of
the partners was always to be present in New Orleans, and
that Cauchois, who was in France when it was formed, never
returned to this place. She further avers that it is false that
the suit she brought against Sénécal & Cauchois was to extort
from them a sum of money, as, in point of fact, she has left with
them $10,000. The defendant, then, pleading in reconvention,
avers that Jean Cauchois, one of the plaintiffs, is indebted to
her in the said sum of $10,000, being an amount she lent to
him to be invested as his share of the capital stock of the part-
nership of Sénécal & Cauchois, which was to expire, and did
expire, on the 1st of October, 1839. She further avers that
Amable Sénécal is indebted unto her, *in solido* with Cauchois,
in the sum of $3000, which the firm bound themselves to pay her
in three years, to wit., $1000 per annum during the existence of
the partnership. She concludes by praying that the claim of
the plaintiffs may be dismissed, and that she may have judgment
against Sénécal & Cauchois, *in solido*, for $3000; and against
the latter for the further sum of $7000, with interest and costs.
The case, under these issues, was laid before a jury, who
brought in a verdict of $4000 in favor of the petitioners. This
verdict having been set aside, and a new trial granted, a second
jury allowed them $3500, subject to a deduction of the $3000
claimed of them in reconvention; thus leaving a balance of
$500 in their favor. From the judgment entered upon this
verdict, the defendant appealed, after another and ineffectual
attempt to obtain a new trial.

This suit is not properly·one brought on the bond given by the
defendant, to recover the actual damages sustained, on the
ground that the attachment was issued wrongfully, whatever
were the motives of the person obtaining it. The plaintiffs
allege that it was sued out wickedly and maliciously, and by
reason thereof they claim damages far beyond the penalty of
the bond, which was for $17,000. It is in the nature of an ac-
tion for a malicious prosecution. In cases of this kind it is
well settled that malice, and the want of probable cause in the
original action, are essential ingredients. Malice may be ex-

pressly proved, or it may be inferred from the total want of a probable cause of action; but malice alone, however great, if there be a probable cause upon which the suit or prosecution is based, is insufficient to maintain an action in damages for a malicious prosecution, 12 Pickering, 324. 1 Wendell, 140. 4 Massachusetts, 433. 10 Johnson, 106. 3 Robinson, 17, and the authorities there quoted. In the present case there is no direct proof whatever of malice, on the part of the defendant, in bringing against the plaintiffs the suit which gives rise to the present action. A report of the case will be found in 2 Robinson, 453. It will be seen that after deciding that the present defendant, Smith, had no claim against the firm of Sénécal & Cauchois, for the $10,000 she had lent to her son-in-law, Cauchois, individually, this court intimated that, in virtue of a clause in the articles of their partnership, she might, under proper pleadings, have claimed $1,000 a year, which were to be retained by the firm, and paid over to her, out of an annual allowance of $1,600, made to Cauchois, for his private expenses during its existence. In claiming of the firm the whole amount she had advanced to one of its members, the plaintiff, or rather her agent, for she resides abroad, acted under the advice of counsel. Although the extent of her rights was grossly misunderstood, we are not prepared to say that there was such a want of probable cause as should necessarily imply the existence of malice on the part of the plaintiff, and that she should be liable in damages for a malicious prosecution. 4 Pickering 389. 3 Mason 102. But were we to consider the groundlessness of the suit for the whole amount claimed, coupled with the harsh measure of suing out, at the same time, an order of bail and a writ of attachment, as evidence of malice, or were this action to be viewed as brought on the attachment bond, the facts of the case, as disclosed by the record, do not enable us to agree with the jury as to the amount of the damages sustained by the plaintiffs, or to consider them as resulting from the proceedings instituted by the defendant. Sénécal never was in prison under the order of arrest, having given bail as soon as arrested; and his store was not closed for a single moment under the attachment, which was dissolved and set aside

as soon as levied, the goods having been forthwith bonded, under article 259 of the Code of Practice. It appears that the plaintiffs afterwards suffered their store to be shut up, and the keys of it to be kept by Aicard, their security on the bond given to the sheriff; that their store thus remained closed about seventeen months, when, at the suit of their landlord, and of a judgment creditor, the goods were seized and sold, on the 15th of April, 1840. It is proved that at the time of the levy, the stock of goods in the store was worth about $14,000 ; that the firm owed little or nothing in France, most of its debts having been paid shortly before, by means of remittances made by Sénécal to his partner for that purpose ; and that they had but a few debts in New Orleans, and enjoyed a good credit and standing as merchants. If, from the shutting up of their store and the subsequent forced sale of their goods, the credit of the firm was injured, and they suffered a heavy loss, as the witnesses testify, the defendant cannot be made liable for the consequences of their own conduct. The loss did not result from the attachment sued out by her, but from a voluntary act on their part in complying with the unjust requirement of their surety, V. Aicard, and in suffering him to close their store after the dissolution of the attachment, and to retain the keys in his possession for the space of seventeen months. Had the plaintiffs continued to keep their store open, and to attend to their ordinary business, as they were at full liberty to do, their credit could not have been injured, nor their goods deteriorated by the order of attachment, so as to occasion any serious loss to them. They have not shown that the closing of their store was the condition under which Aicard signed their bond, and without which he would not have signed it, and that they could find no other security to set aside the attachment, except on that condition. Had this proof been made, the injurious consequences resulting from the shutting up of their store, and the interruption of their business, might well have been considered as produced by the attachment. Such not appearing to have been the case, the defendant should not in our opinion, be held liable for damage not resulting from her attachment, but occasioned subsequently to its dissolution by the acts and doings

Sénécal and another v. Smith.

of another person. The extent of the damage sustained is not even shown, as the record does not contain the sheriff's account of the sale of the goods, in April, 1840, which appears to have been offered in evidence on the trial below.

In relation to the reconventional demand, founded on a clause in the articles of partnership between the petitioners, in which it is alleged that the firm engaged and bound itself to pay the defendant $1000 per annum during three years, we find in the record a bill of exceptions. It was taken to the admission of the evidence offered in support of this demand, on the ground that it is unconnected with the main action brought by the plaintiffs. We think that the objection should have been sustained, at least so far as Sénécal is concerned. The reconventional demand is not necessarily connected with, nor incidental to that of the petitioners, and should have been the object of a separate suit. Code of Practice, art. 375. 7 Mart. N. S. 517. 7 La. 564. With regard to his co-defendant and late partner, J. Cauchois, who resides out of the State, the objection was properly overruled under that amendment of the Code of Practice which provides, that when the plaintiff in a suit resides out of the State, or in the State but in a parish different from that of the defendant, the latter may institute a demand in reconvention against him, *for any cause*, although such demand be not necessarily connected with, or incidental to the main cause of action. B. & C.'s Dig., p. 156. The evidence clearly establishes the defendant's claim against J. Cauchois, her son-in-law, for a sum of $10,000, which she advanced to him to enable him to form a partnership with Sénécal.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed ; and, it is ordered and decreed that, in the main action, there be a judgment for the defendant, as in case of non-suit ; that the reconventional demand be dismissed, so far as A. Sénécal is concerned ; and that the defendant, Smith, do recover of J. Cauchois the sum of ten thousand dollars, with legal interest from the 27th of October, 1842 ; the plaintiffs and appellees to pay the costs in both courts.

*Buisson* and *Roselius*, for the plaintiffs.

*Canon* and *Eustis*, for the appellant.