JUAN PRESAS *v.* DOMINIQUE LANATA.

A sale of the contents of a coffee-house or shop, by notarial act, accompanied by
delivery, cannot be treated as a nullity; and where a *fi. fa.* is levied on the pro-
perty as still belonging to the vendor, the plaintiff in execution will be responsible
to the purchaser in damages. But where no serious injury is shown to have been
sustained by the plaintiff, and defendant acted without malice, the damages will be
nominal only.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.
*Canon,* for the plaintiff.
*Latour* and *Roselius,* for the appellant.

MORPHY, J. The defendant, a judgment creditor of one Ramon
Planas, sued out an execution against his debtor, which he
caused to be levied upon a coffee-house and grocery store in
the possession of the plaintiff, who held it under an authentic
act of sale from the said Ramon Planas. This action is brought
to recover $10,000, as damages, which the plaintiff says he has
sustained in consequence of the seizure, which he alleges to
have been maliciously made by the defendant, to ruin and
harass him, and to destroy his standing as a merchant, &c.
The answer avers, that the defendant, having obtained a judg-
ment against Planas for a large amount, did cause to be seized
a certain coffee-house, or cabaret, at the corner of St. Anne and
Levée streets, to satisfy his judgment; that, at the time of said
seizure, the coffee-house was in the possession of the said
Ramon Planas, who had always been known as the owner of
the same; and that, after the seizure had taken place, the
plaintiff having exhibited a sale of the property from Planas,
the defendant ordered the sheriff to desist, and to proceed no
further with the execution. The answer further charges, that
the store has never ceased to belong to R. Planas; that the
sale to plaintiff is a sham and simulated one; and that, in exe-
cuting said sale, Presas did connive and combine with Planas
to defraud the defendant and his other creditors. There was a

judgment below for fifty dollars against the defendant, from which he has appealed; and the appellee has prayed that the judgment may be so amended as to allow him the full amount of the damages claimed.

A great deal of evidence has been adduced on both sides in relation to the possession of the store at the time of the seizure. On an attentive examination of it, we think that it preponderates strongly in favor of the plaintiff. It establishes that about two months before the levy, the coffee-house and store were sold to the plaintiff, by Planas, its former proprietor, by a notarial act of sale; that the plaintiff took possession of the premises, put up his name on the street door, took out a license in his name, and obtained a lease from the owner of the house, &c. It is true that some witnesses say, that Planas continued to remain about the store, and to be seen there up to the time of the seizure; but this is accounted for by the witnesses, who declare that he was there acting in the subordinate capacity of a clerk, and that his assistance was needed by Presas, who had never kept an establishment of the kind. It is further shown that it was the plaintiff who made all the purchases necessary for the store, received the rent from some sub-tenants in the house, and on all occasions acted as the owner of the store. If the sale was a fraudulent and simulated one, as it is alleged, the defendant should have brought a direct action to set it aside. It was, nevertheless, a sale binding on third parties until declared null in due course of law; and the possession of the vendee was a legal one which should have been respected. The defendant had no right to treat the conveyance to Presas as a nullity, and to seize upon the property; by doing so he has made himself liable to the present action. 5 Mart. N. S. 361, 634. 6 Ib, N. S. 139, 325. 2 La. 214. 5 La. 126. Whatever impression we may have derived from the testimony in relation to the alleged simulation of the sale, we have not examined it with a view to pass upon that question, which we understand is pending in another suit between the same parties; but we have considered it as offered in mitigation of the damages claimed, and think that it fully justified the judge in allowing the plaintiff only nominal damages. The defendant does not appear to us

to have been actuated by the malicious feelings imputed to him. Having always known Planas as the the owner of the store, and seeing him in it, he might well have believed that he was yet the owner, and accordingly directed the sheriff to seize it ; but the property remained under seizure only a short time, for as soon as plaintiff's sale was exhibited to him he discharged the seizure. No serious injury is shown to have been sustained by plaintiff, in consequence of the defendant's illegal act.

<div align="right">

*Judgment affirmed.*