STEVENS *vs.* LACOUR.

In an action for malicious prosecution, the plaintiff introduced as a witness the magistrate before whom the alledged malicious charge was made, and while he was under examination, the defendant's counsel called upon the counsel for the plaintiff to produce the affidavits upon which the warrant of the magistrate was issued. *Held* that the judge decided correctly in allowing the plaintiff to proceed in the examination of the witnesses, without producing the affidavits; and that the court was not bound to arrest the examination *in limine,* until the production of the affidavits, without reference to the relevancy or competency of the testimony.

Stevens v. Lacour.

Where, in such an action, there is evidence *tending to establish* the conclusion that there was an agreement or understanding between the parties, authorizing the plaintiff to do the act for which the alledged malicious prosecution was commenced, it is proper for the judge to charge the jury that if, from the evidence, they should be of opinion that there was such an agreement or understanding, then there was want of probable cause for instituting the prosecution.

In an action for malicious prosecution, where there is no question as to matters of fact, the court may and ought to decide, as a matter of law, whether there was probable cause; but where there is a question as to matters of fact, or a mixed question of law and of fact, it may properly be left to the jury.

ERROR to the superior court of the city of New York. The action was brought for malicious prosecution, in causing the plaintiff below, Lacour, to be arrested upon a warrant issued by Sylvanus Rapelje, a commissioner of the United States, under the act of congress passed March 3d, 1845, chap. 64, sec. 22, being the act regulating the post office, and securing from unlawful interference the safe delivery of letters by mail, to those to whom they are addressed. The warrant was directed to the United States marshal, and recited that complaint on oath had been made to the commissioner, " charging that Michael Lacour did, on or about the seventeenth day of August last, obtain by fraud and deception, from a letter-carrier, having custody thereof, a letter containing a draft and directed to one John H. Stevens, and did open and embezzle the said letter as aforesaid, containing an article of value." Lacour, after an examination before the commissioner, was discharged. It was proved that the warrant was issued upon the complaint and affidavits of the defendant Stevens, and another person. The jury found a verdict for the plaintiff for $250, and the defendant brought a writ of error. The material facts, which are not above mentioned, will be found stated in the opinion of the court.

*Geo. C. Goddard,* for the plaintiff in error.

*F. B. Cutting,* for the defendant in error.

*By the Court,* EDWARDS, J. On the trial of this cause the plaintiff introduced as a witness, the magistrate before whom the alledged malicious charge was made, and while he was under examination the defendant's counsel called upon the counsel for the plaintiff, to produce the affidavits upon which the warrant of the magistrate was issued. The counsel for the plaintiff declined to do so, and the judge, before whom the cause was tried, decided that the plaintiff might proceed in the examination of the witnesses without producing the affidavits. · To this decision the defendant's counsel excepted.

It will be observed that there was no offer made to give parol proof of the contents of the affidavits; neither was there any objection made to the particular questions put to the witness. The defendant's counsel called upon the court to arrest the examination *in limine,* until the production of the affidavits, without reference to the relevancy or competency of the testimony; or, as it may, perhaps, be more correctly stated, he called upon the court to decide that no testimony could be relevant or competent, until the affidavits were produced. We think that the judge was right in refusing so to decide. The proper course for the defendant was, to except to the testimony when offered, provided he considered it inadmissible; but the judge could not, by anticipation, decide that no testimony which might be offered before the production of the affidavits could, in any event, be relevant or competent.

The next exception was taken to the judge's charge to the jury. He instructed them that if, from the evidence, they should be of opinion that there was an agreement or understanding between the parties, while the defendant had an interest in the factory in Stanton-street, and afterwards when he remained there for wages or salary, that the plaintiff might open the letters directed to the defendant at that place, and that the agreement or understanding was unrescinded when the letter in question was opened by the plaintiff, then there was want of probable cause for instituting the prosecution for which this suit was brought. The ground of the defendant's exception was that

there was no evidence whatever which authorized the judge to submit any such question to the jury.

Whether there was evidence sufficient to establish such an agreement or understanding, may perhaps admit of doubt. But we think there is no doubt that there was evidence tending to establish such a conclusion. The bill of exceptions shows that the premises in Stanton-street had been leased by the defendant to one Wildenow, and that on the 8th of May, 1841, the lease was assigned to the plaintiff; and that on the 15th of May in the same year the defendant entered into a covenant with the plaintiff, that in the event of any casualty or unforeseen circumstances occurring, by which the defendant should be unable to repay to the plaintiff the money which he had loaned in the business, and for responsibilities already incurred, or which he might thereafter incur for the benefit of the said business, before the first of May then next ensuing, that the defendant should have the right to, and sole possession of, all the property which the defendant possessed in the business carried on at the factory in Stanton-street. It also appeared by the testimony of one of the witnesses introduced by the plaintiff, and who was employed in the factory, that the plaintiff conducted the business, and that the defendant remained there till June or July, 1842, and as he informed the witness, received a salary of $20 a week from the plaintiff, and that while the defendant was there the plaintiff opened the letters which were directed to the plaintiff at the establishment, with the plaintiff's knowledge, and that he did not complain of it. From this, and other testimony which was offered, the plaintiff contended that there was an agreement or understanding between the parties that the plaintiff, who claimed to be solely interested in the business, should open all letters addressed to the defendant at the factory; it being supposed that all such letters, although addressed to the defendant, in fact referred to the business of the plaintiff. It also appears that the ground upon which the plaintiff opened the letter in question, as he stated at the time, was, that it related to his business, as it was addressed to the defendant, at the plaintiff's factory. This testimony we think warranted the conclusion that the de-

Stevens *v.* Lacour.

fendant had sold to the plaintiff not only his interest in the factory, but the good will of the business carried on there, and it was a proper question to be submitted to the jury, whether the acts of the parties as proved upon the trial, did not show that it was considered by them, as a part of the good will of the business, that the plaintiffs should receive the orders which were sent to the factory, and which had reference to its business, although addressed to the defendant.

The next exception taken was to the refusal of the judge to charge that a want of probable cause had not been proved. There is no doubt that in a case where there is no question as to matters of fact, the court may, and ought to decide, as a matter of law, whether there is probable cause. (*Foshay* v. *Ferguson*, 2 *Denio*, 617. *Murray* v. *Long*, 1 *Wend.* 140. *Blatchford* v. *Dod*, 2 *B. & Adol.* 179. *Davis* v. *Hardy*, 6 *B. & C.* 225.) But in this case there was, as has already appeared, a question as to matters of fact, and a question which it was the province of the jury to determine. In the case of *McDonald* v. *Rooke*, (2 *Bing. N. C.* 217,) which was analogous to this, the court held that where there was a mixed question of law and of fact, it might properly be left to the jury. (*Taylor* v. *Williams*, 2 *B. & Adol.* 845. 2 *Greenl. Ev.* § 454.)

The next exception was to the refusal of the judge to instruct the jury that the charge being made by the district attorney, in consequence of facts ascertained by him on the issuing of the first warrant, and not by the defendant, the defendant was not liable. The bill of exceptions shows that the defendant made a charge against the plaintiff, and that upon that charge the defendant was arrested; that when brought before the magistrate, and after an examination was had, the plaintiff was discharged on the ground that the offense proved was not the same as that stated in the warrant; and that, at this time, the assistant of the district attorney appeared before the magistrate, on behalf of the prosecution, and a new warrant was issued. Such being the state of facts, we think that the judge ought to have refused to charge as requested.

Judgment affirmed.