Ilsdey, J.
This is an appeal from a judgment, condemning the defendant to pay the plaintiff eight hundred and eighty-five dollars, with interest and costs.
The judgment now appealed from was rendered as damages for an attachment, alleged by the plaintiff in this suit to have been wrongfully and illegally obtained by defendant therein, and to have been maliciously persisted in by him, by means of a suspensive appeal never prosecuted fi’om an interlocutory decree, dissolving the attachment rendered on the 20th of February, 1850, in the suit of William “ J. Maynard v. J. R. Richardson et als, No. 13,004,” on the docket of the Fifth District Court of New Orleans.
The plaintiff in this suit claims two thousand five hundred dollars; that is to say, eleven hundred dollars difference in the value of the female slave attached, in consequence of her imprisonment, three hundred dollars for the hire or loss of her services during her confinement in jail, and eleven hundred dollars as exemplary or vindictive damages.
It appears from the record in the suit, No. 13,004, the defendant in this suit had sued the plaintiff, Dickinson, as endorser of a promissory note, for fourteen hundred and sixty-six dollars, and his suit was prosecuted to judgment.
The plaintiff in that suit had sued out an attachment, in virtue of whioh a female slave belonging to Dickinson had been attached, and confined in the parish jail from the 21st February to the 30th May, 1859.
The attachment was dissolved by the Fifth District Court, and from the interlocutory decree the defendant took a suspensive appeal, which was never prosecuted.
This suit is in the nature of an action for a malicious prosecution, and in this kind of action it is well settled, that malice and the want of probable cause in the original action, are essential ingredients. 9 Rob. 418. 6 A. 373. 13 A. 214.
Malice is not expressly proved, and we are not prepared to say that there was such a want of probable cause as necessarily to imply malice. The defendant certainly had a right of action against the plaintiff, for he obtained a final judgment against him, and the circumstances of the defendant, Dickinson’s residence and employment in New Orleans, were not such as to show in defendant an utter absence of a just cause for the attachment, and his right of appeal from the decree of dissolution was unquestionable.
*67 The plaintiff was a young unmarried man, frequently changing the place and character of his employment, and speaking of seeking it in other States, he never having remained twelve months, consecutively, in this.
It being shown that the attachment was wrongfully issued, the party whose property was improperly attached, is entitled to recover the actual damage proved.
The evidence fails to sustain the claim as to the difference or deterioration of the slave’s value, in consequence of her illness from exposure while detained in jail, nor does it show that the damage in this particular complained of, was the direct consequence of the attachment. It is therefore unnecessary for us to express an opinion, as to the plaintiff’s right to recover for that cause.
The plaintiff, however, is entitled to recover the hire of his slave for the time she was illegally detained, and he was deprived of her use. The constructive services were wholly rendered before the abolition of slavery, so that we think no question can properly arise in this case out of that event. The amount of the hire proved is sixty-six dollars and sixty-six cents. See Phelps v. Coggshall, 13 An. 440. And he must be refunded the sum paid by him for attorney’s fees, dissolving the injunction — say thirty-five dollars. 9 R. 90. 2 A. 620. 13 A. 440.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that judgment be and it is hereby rendered in favor of fcbe plaintiff, Andrew J. Dickinson, against William J. Maynard, the defendant, for the aggregate sum of one hundred and one dollars and sixty-six cents, with costs in both courts.
Howelu, J.
I cannot concur in the decree, allowing the wages of the slave, as I believe it to bo in conflict with the doctrine settled in the case of Wainwright v. Bridges, 19 A. 234. The right to the services of the slave grew out of the right of property in the slave, and the greater includes the less.