RICHARD WANSER, RESPONDENT, *v.* JOHN A. WYCKOFF, APPELLANT.

*Malicious prosecution — Probable cause.*

Defendant, the owner of a fishing boat, found, on going to look for it on several occasions, that it had been taken from its mooring. It was brought back, however, once with a net, another time with a net and some sea filth, left in it. The third time it was taken he caused plaintiff, who took the boat, to be arrested for grand larceny. In an action by plaintiff for malicious prosecution; *held,* that there was an entire want of reasonable grounds for believing the party guilty of that crime, and that malice might be inferred from such want of probable cause.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon a case and exceptions.

This action was brought to recover damages for a malicious prosecution for an alleged theft.

*H. C. Place*, for the appellant.

*Philip S. Crooke*, for the respondent.

Dykman, J. :

The action for malicious prosecution has its place among the many actions which were given by the common law for the protection of the person. It has its foundation in malice of the defendant, and a want of probable cause for the prosecution he has instituted.

It was found by experience that the law was sometimes used as an engine of oppression, by setting on foot malicious prosecution against persons for the gratification of private spite and enmity, under the guise of justice and public spirit, and this action was provided to redress that wrong.

The action, however, is not encouraged, but, on the contrary, is very much guarded ; for it is the policy of the law that men must be left reasonably free to institute criminal prosecutions whenever they have tolerable grounds of suspicion, and that they must not be held liable to respond in damages in all cases where the prosecution miscarries. Something more than an unfounded prosecution must be shown to support this kind of an action ; for it may happen, and very often does, that circumstances point directly and apparently unmistakably to the commission of a crime by a particular individual, and which, if unexplained, would convince any proper minded person of his guilt, and which yet are susceptible of an explanation entirely consistent with his innocence.

Now if in such a case a prosecution should be instituted and should eventually miscarry, no one would say that any action for malicious prosecution should be maintained.

But if a person should cause another to be prosecuted criminally for an act which lacked the essential elements of a crime, or when there were no circumstances of suspicion that would justify a belief of guilt, then it. is but just that he should so act at his peril.

Accordingly, the courts and the elementary writers, when writing about this kind of an action, state the rule to be, that to maintain it, the plaintiff must show affirmatively that the defendant set on foot the prosecution ; that it was without probable cause, and that it was accompanied by malice, and terminated favorably to the plaintiff.

The words "probable cause" have come to have a fixed meaning when applied to this action ; and they mean reasonable ground for

believing the party guilty; such reasons and such circumstances as would be satisfactory and convincing to right reason. If these grounds exist and are brought to the notice of the prosecutor, and he acts upon them, he will be justified. So that, upon the question of probable cause, it is not a sufficient justification that the accused is in fact guilty, but in addition to that the prosecutor must believe in his guilt and must have reasonable ground for such belief.

For the purpose of determining this case in the light of these principles, it should be examined from the defendant's stand-point at the time he caused the plaintiff's arrest, and viewed as he had the right to view the facts which had come to his knowledge at that time.

At that time the defendant claimed to be the owner of a fishing boat. He had purchased the boat in February, 1875; at the time he bought her she was lying at the lower end of Rockaway avenue, in winter quarters, and he let her remain in the same place, and she remained in the same position until some time in April following, when the defendant was down there and found some one had been using her; somebody had taken her off; she was gone several days; then she came back, and he hauled her ashore; she had a fishing net in her; he anchored her ashore, and the next day he went down and the boat was gone again; then he came back, and he found her again with a net in her and a large quantity of sea filth; then he fastened her to an old steamer, and went down the next morning to clean her out, and found the chain broken and the boat gone. Then, he says, he secured information from several persons and had the plaintiff arrested. He does not state what the information was that he secured from these various persons, but it probably was that the plaintiff had taken the boat and was using her for fishing, which was the fact. The foregoing is a statement of the facts as the defendant gave them in his testimony, given in his own behalf, on the trial of this action, and it must be admitted that they fail entirely to justify the defendant in arresting the plaintiff or charging him with any crime. The boat was regularly taken and as regularly brought back. This took from the case one of the essential elements of a crime, and rendered it at most but a trespass. "When it came it contained

a net which was left in it." This showed that the boat had been put to its legitimate use, and that there was nothing clandestine about it. The defendant knew the net was not his, and ought to have known that its owner had been using it in connection with the boat.

Such would not have been the conduct of a thief, and there was not one single fact or circumstance to justify the defendant in the belief that his boat had been stolen at all.

If we turn from this to the testimony on the part of the plaintiff in this action, we find that there was an entire absence of probable cause. The plaintiff had hired the boat from a person who claimed to be the owner, and had been using it steadily in his business of a fisherman, openly and of course under a claim of right.

We think, therefore, that the plaintiff established an entire want of probable cause, and that the defendant's motion for a nonsuit was properly denied. That motion was made on the ground that the plaintiff had failed to show either malice or want of probable cause. At this time a want of probable cause had been shown, and from it the malice of the defendant might be implied (*Murray* v. *Long*, 1 Wend., 140), because the evidence which established the want of probable cause was such as to justify the inference of malice. Men do not cause the prosecution and arrest of innocent persons in the interest of the public, and as the defendant had no reason to believe that the plaintiff had stolen his boat at the time he caused his arrest, the fair inference would be that his motives were improper and malicious. This means actual malice or malice in fact.

The motion for a nonsuit was, therefore, properly denied and the cause was properly sent to the jury.

There was no exception to the charge of the judge, and we think none could have been fairly taken. It was very favorable to the defendant, and the verdict of the jury is small. We have examined the exceptions taken by the defendant during the trial, and do not think any of them are material.

The judgment must be affirmed, with costs.

Present — BARNARD, P. J., PRATT and DYKMAN, JJ.

Judgment and order denying new trial affirmed, with costs.