### WRENCH *v.* SAMENFELD.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

MALICIOUS PROSECUTION—PROBABLE CAUSE—INJURIES TO REAL PROPERTY.

    In an action for malicious prosecution, it appeared that plaintiff and defendant were adjoining owners, that a fence between them was blown down, that it was rebuilt by defendant, and torn down and destroyed by plaintiff. *Held,* though the fence was destroyed by plaintiff under a claim of title to the land, that the facts showed probable cause for the arrest of plaintiff for willful injury to real property.

Exceptions from circuit court, Kings county.

Action by Susan Wrench against Ricka Samenfeld. There was a judgment for defendant, and defendant moved for a new trial on exceptions. Ordered to be heard in the first instance. Exceptions overruled.

Argued before BARNARD, P. J., and DYKMAN, J.

Samuel D. Levy, (James W. Ridgway, of counsel,) for plaintiff. Theodore Burgmeyer, (F. E. Dana, of counsel,) for defendant.

BARNARD, P. J. This action was brought to recover for false imprisonment and for malicious prosecution. The complaint upon which the arrest was made charged upon oath that the plaintiff maliciously broke down and injured her fence and building. No objection was made that the warrant was issued without an examination of the complainant or other witnesses. I assume from the case that the complainant (defendant) made oath in support of her complaint in the very words of the original complaint, and there is no objection to this if the complaint be supported. Was the action for a malicious prosecution made out? Two of the four requisites to support such an action were established upon the trial. The defendant caused the arrest of the plaintiff upon a criminal charge, and the charge has been finally decided in the plaintiff's favor. There is no proof to show express malice, other-

than what may be inferred from the lack of probable cause. The case, therefore, rests upon the fact whether or not an absence of probable cause was proven. The parties are adjoining owners of land. The fence was blown down, and was rebuilt again by defendant in the same place. The plaintiff said she would tear the fence down if it went up. A slip was nailed on the house where the old fence was. This was destroyed by plaintiff; also the fence, and with it the tin leader on the defendant's house. If a person unlawfully and willfully destroys or injures the real or personal property of another, he is guilty of a criminal offense. Pen. Code, § 654. Even if a trial court should hold that the offense was no more than a dispute as to the title to land, a complainant whose property has been destroyed, with no basis whatever for a claim of right, should be held to have had a right without fear to put the facts before a court for adjudication. *Murray* v. *Long*, 1 Wend. 140; *Baldwin* v. *Weed*, 17 Wend. 224; *Carl* v. *Ayers*, 53 N.Y. 14; *Fagnan* v. *Knox*, 66 N.Y. 525. The action was not, therefore, supported by evidence, and the exceptions should be overruled, and judgment should be affirmed.