————o————

No. 6375.

## MRS. SADIE EPSTEIN, WIDOW OF BENJAMIN BLOCK, vs. HENRY T. ROUX, ET AL.

### Syllabus.

Punitory damages may be imposed where the act, though not prompted by ill feeling or an intent to injure, is the result of gross carelessness or a reckless indifference to the rights of others.

— 313 —

Appeal from the Civil District Court, Parish of Orleans, Division "B," No. 103,030. Honorable F. D. King, Judge.

Titche & Rogers, for plaintiff and appellee.

Joseph A. Casey, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Defendants admit they are liable to plaintiff for having wrongfully caused her property, that is, the contents of her home, to be seized by the constable under execution of a judgment they had obtained against one E. Block. On this appeal the sole complaint of defendants is that the damages assessed by the trial Court are excessive and we are of opinion that this complaint is justified.

The seizure was levied in the morning and was released on the afternoon of the same day, without the necessity of a resort to judicial process, the defendants directing the constable to desist as soon as they were advised of the error by the attorney whom plaintiff had consulted.

For the mental distress, annoyance and mortification she endured, plaintiff is undoubtedly entitled to recover; but the levy was accompanied by no publicity and she suffered no injury to her credit or reputation, nor any monetary loss whatever beyond the obligation to pay the attorney aforesaid for the service stated.

However, there was no justification whatever for the seizure beyond the fact of the similarity in the surnames of plaintiff and the judgment debtor. They were in no manner related, connected or acquainted with one

— 314 —

another, and they resided respectively in widely separated sections of the city.

Defendants point to no circumstance that might have led them into the error of believing that the property which they directed the constable to seize was that of their judgment debtor. On the contrary, they acted wholly without information upon the subject, without previous investigation and with such inexcusable recklessness and negligence and such wanton indifference for the rights of others, as to warrant the imposition of punitory damages, even though their action was apparently prompted by no ill-feeling towards plaintiff, nor intent to injure her.

Inasmuch, however, as plaintiff's mental suffering was but temporary, and her financial loss negligible, an award of $225.00 will amply serve not only to fully compensate her, but to discourage and deter others in the reckless use of the Court's process.

In determining the nature and amount of the damages allowed, the Court has been guided by the following authorities, to which its attention has been directed:

R. C. C., 1930, 1934.
13 Cyc., 105, 110, "Damages."
Kent vs. Heymann, 7 Ct. of App., 399.
Offutt vs. Edwards, 9 Rob., 90.
Senecal vs. Smith, 9 Rob., 418.
Presas vs. Lanata, 11 Rob., 288.
Littlejohn vs. Wilcox, 2 A., 620.
Biggs vs. Daquin, 13 A., 21.
Moore vs. Whittenberg, 13 A., 22.
Byrne vs. Gardner, 33 A., 6.
Ross vs. Goldman, 36 A., 132.
Deslond vs. O'Hern, 39 A., 14.

— 315 —

Steinhardt vs. Lemann, 41 A., 838.
Savoie vs. Scanlon, 43 A., 973.
Chaffe, et als., vs. McKensie, 43 A., 1069.
Lewis vs. Holmes, 109 La., 1030.

It is accordingly decreed that the judgment be amended by reducing same from $350.00 to $225.00 and that as thus amended it be affirmed, the appellant to pay the costs of appeal.

Opinion and decree, May 17th, 1915.