JOHN KNIGHT *v.* SIMON MURCHISON—JANE MURCHISON, his Wife,
Intervenor.

| 1r | 31 |
|----|----|
| 52 | 935 |

A manifest evasion by a party to a suit to answer the interrogatories propounded to her, creates a violent presumption that a true and direct answer would destroy her claim, and amounts to such a neglect or refusal as will authorize the court to take them for confessed.

On a rule against a party to show cause on a certain day, why the interrogatories propounded to her by the plaintiff, should not be answered or taken for confessed, the court may, on failure of the party to appear or answer, make the rule absolute, and order the interrogatories to be taken for confessed at once, and without any further delay.

On a question whether due diligence has beeen used, the decision of the judge below will not be interfered with, unless clearly erroneous.

APPEAL by the intervenor from a decision of the District Court for the parish of Concordia, *Tenney*, J.

*A. N. Ogden*, for the plaintiff.

*Stacy*, for the appellant.

MORPHY, J.  Jane Murchison, the wife of the defendant prosecutes this appeal from a judgment dissmissing her demand as an intervening party in this suit. She claims as her property three slaves named Lawrence, Nat, and Nancy, which have been attached as belonging to her husband.  The petition of intervention sets forth that she purchased these slaves of Sarah Wheeling, in Hinds county, State of Mississippi, by act under private signature, dated the 1st of November, 1839, and that by the laws of that State, where she acquired them, she is entitled and empowered to acquire, own, and hold property in her own right, separate from her husband, and free from all his debts and liabilities ; that her said husband having according to said laws the management and control of said slaves, sent them into the parish of Concordia, in the State of Louisiana, where they have been illegally and wrongfully attached at the suit of plaintiff to secure a debt alleged to be due by the defendant.  She prays that the attachment be dissolved, that the slaves be decreed to be her property and that she recover of plaintiff two hundred dollars damages for the wrongful seizure of her slaves.  The bill of sale for these negroes, which is in the form of a receipt for the purchase money and is signed by Sarah Wheeling, is annexed to the petition.  The answer of the plaintiff to this intervention denies all the allegations therein set forth, and avers that the pretended sale from Sarah *Whiting* to the said Jane Murchison was a simulation, that she did not pay any part of the price therein mentioned, and had not then, or at any time previous, any separate estate or means of her own ; that the property attached belongs to her husband, and that the sale was made to her to cover and protect it from the pursuit of his creditors.  In order to substantiate these averments plaintiff prayed that the intervenor be ordered to answer the following interrogatories, to wit:

1.  Is it not true as alleged in the above answer that no part of the price was paid by you to Sarah *Wheeling* for the negroes attached in this suit?

2.  Is it not true that the receipt in question was given in your name to protect the property from the pursuit of your husband's creditors?

In the copy of the interrogatories and answer forwarded to the commissioner to be answered by the intervening party, the name of Sarah *Whiting* was inserted in lieu of Sarah *Wheeling* in the first interrogatory. Availing herself of this clerical error, which was apparent from the accompanying answer, which referred to the sale or receipt annexed to her petition and relied on by intervenor to prove her purchase from Sarah Wheeling, she answered,

To the first interrogatory: ' I cannot answer to this interrogatory only that I do not know Mrs. Sarah *Whiting*, never having had any dealings with her.'

To the second : ' Further witness knows not.'

Such a manifest evasion to answer the questions put to her when she could not have mistaken their purport, creates a most violent presumption that a true and direct answer to them would have destroyed her claim. It amounts, in our opinion, to such a neglect or refusal to answer as under article 349 of the Code of Practice, would have authorized the judge to have taken for confessed the facts concerning which she had been interrogated. Had this course been pursued, she would not have been listened to if she had pretended to have been ignorant of what was asked of her. Parties should not be permitted thus to trifle with the orders of courts of justice, and the obligations of their oath. 2 Martin, N. S., 56 ; 10 La., 416. But the plaintiff instead of taking advantage of the situation in which the intervenor had placed herself, moved the court on the 8th of June, 1841, to correct the clerical error in the answer and interrogatories, by inserting the name of *Wheeling* instead of *Whiting* ; and she was ruled to show cause on the 14th, why the interrogatories propounded to her by the plaintiff should not be answered or taken for confessed. Personal service of this rule was made on her counsel on the 12th of June. No answer having been made on the appointed day, the judge ordered the interrogatories to be taken for confessed, and on the trial of the case rejected her claim. To this opinion of the judge, a bill of exceptions was taken on various grounds, tending to show that sufficient time had not been allowed to answer the amended interrogatories ; and that at all events the only legal order that the court could have made was, that the interrogatories should be answered within a delay to be fixed subsequently to making the rule absolute, and in

default of answering that the interrogatories should be taken for confessed. We cannot say that the court erred. The evidence shows that the intervenor lived but a short distance from the court house, and the rule was only made absolute six days after it was taken. Of this rule the appellant's counsel cannot have been ignorant, and we think she had sufficient time to avail herself of the opportunity thus afforded her to give direct answers to the questions she had theretofore evaded answering. As to the order made by the judge on the trial of the rule, it might well be inferred from the language used, although not very explicit, that the interrogatories were to be answered on that particular day, or that they would be taken for confessed. Such seems to have been the understanding of the appellant's counsel himself, from the pains he took to satisfy the judge that he used proper diligence to have the answers made on that day. We have often said, that in questions of this kind, we will not interfere with the decisions of the inferior judges, unless they be clearly erroneous; they have better opportunities than we can have to judge of the motives which actuate the parties litigating before them.

<div align="right">

*Judgment affirmed.*