HAYNES<br>v.<br>HEARD.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## WHITING v. IVEY.

Where a party, who has propounded interrogatories to his adversary, does not choose to use them, the latter may avail himself of them. Nor can this right be defeated by the plaintiff's abandoning his suit, before trial, and without having used the interrogatories. Where, after such an abandonment, the plaintiff institutes a second action for the same cause, defendant may offer in evidence his answers to the interrogatories propounded in the first case.

A manifest evasion by a party to answer interrogatories propounded to him, when he could not mistake their import, creates a violent presumption that a true and direct answer would have destroyed his claim or defence.

Where the defendant, in an action on a foreign judgment rendered against a person of the same name, denies his identy with the defendant named in the transcript, he must disprove his identity. The proof furnished by the record is *primâ facie* sufficient against him.

APPEAL from the District Court of Union, *Copley*, J. *W. J. Q. Baker*, for the appellant. *McGuire* and *Ray*, for the defendant. The judgment of the court was pronounced by

WHITING
v.
IVEY.

SLIDELL, J. The action is upon a judgment obtained by plaintiff against *Thomas Ivey*, in Alabama. The defendant answered by a general denial, and also specially denied that he was the person against whom the judgment was rendered, or that he ever gave such a note as the one upon which said judgment was rendered "as he recollects."

At the trial of the cause the plaintiff offered in evidence an authentic transcript of the Alabama record, exhibiting judicial proceedings to judgment and execution, against *Thomas Ivey*, at the suit of *John Whiting*. The defendant then offered the petition, interrogatories, answers to interrogatories, and judgment of voluntary non-suit, in a former suit between the same parties, upon the same judgment, and in the court in which the present suit was brought. Upon this evidence there was final judgment for the defendant. The plaintiff has appealed, and asks that the cause be remanded.

When the defendant's answers to the interrogatories propounded in the former suit were offered by the defendant, the plaintiff excepted to the admission of the evidence upon the grounds, that the former suit was dismissed by judgment of voluntary non-suit, without any contradictory proceedings, or use made of the interrogatories, or any trial of the cause ; and that the answers could not be used by the party answering, in the trial of a new suit upon the same cause of action. The plaintiff also called the attention of the court to the fact that, the answers were offered without any previous notice of the defendant's intention to offer them, and asked leave "to file a notice" to strike out the answers to interrogatories as evasive, which the court refused, "on the ground that the notice to strike out could not be filed after the trial had commenced." To the opinions of the court admitting the evidence, and refusing the plaintiff's application, bills of exception were taken.

The ruling of the court, on the first point, was correct. If the adversary who has propounded the interrogatories does not chose to use them, the party answering may avail himself of them. This would have been the defendant's right in the former suit, and the plaintiff cannot be permitted to evade it, by voluntarily abandoning the former suit. This equitable rule was expressly recognized in *Hunter* v. *Smith*, 5 Mart. N. S. 179, and we see no reason to doubt its propriety.

As to the second point, we do not think it necessary to enquire whether the court erred in refusing to entertain an application for leave to strike out the answers. The answers received were not entitled to consideration, because they were evasive, and did not negative the existence of the judgment. The interrogatories propounded were: 1st. Do you not owe the judgment sued on in this case. 2d. Did you not owe *the amount* of said judgment ? If yea, have you ever paid the same ? To the first, the defendant answered: "Not that I know of—has no recollection of any such judgment ever having been rendered against him." To the second: "I never knew that I owed such a judgment—of course I never paid it." Upon these answers, the defendant succeeded in overthrowing a solemn judgment of the Circuit Court of Alabama. But if we dissect the answer, it does not contradict the existence or binding force of the judgment. A defendant may be legally cited in a cause, and making default, as in this case, may really not know that a judgment was afterwards rendered against him. The answer, therefore, that the defendant did not know, nor had any recollection of, any such judgment, was insufficient to defeat the record. Again, if the denial of identity, which we find in the defendant's plea, was founded in truth, it is remarkable that

the defendant's answer to the interrogatory should have been silent on that point. The second answer is clearly evasive. The question was, whether he owed the *amount* of the judgment. The answer merely reaffirms the ignorance of the existence of the judgment. It is silent on the question of indebtedness. The petition and the record annexed, it must be observed, informed him that the original cause of action was a note, and the evasiveness of the answer justifies the belief that, even if he did not know of the existence of the judgment, he was not ignorant of his indebtedness.

A manifest evasion to answer questions put to a party when he could not mistake their import, creates a violent presumption that a true and direct answer to them would have destroyed his claim or defence. *Knight* v. *Murchison*, 1 Rob. 33. See also *Bird* v. *Bowie*, 3 Mart. N. S. 116. *Barrow* v. *Sterling*, 2 Mart. N. S. 55. *A fortiori*, an evasive answer should not overthrow the most solem evidence, a judicial record. The burden was upon the defendant to disprove his identity with *Thomas Ivey* named in the record, which was *primâ facie* sufficient. *Jackson* v. *King*, 5 Cowen, 237.

As the plaintiff has not asked for a final judgment in this cause, but only that it be remanded, we will grant relief as prayed for.

It is, therefore, decreed that, the judgment of the court below be reversed, and this cause remanded for further proceedings according to law; and with instructions to the court below to disregard the answers to interrogatories made by the defendant; the defendant paying the costs of this appeal.