The opinion of the court was delivered by
Marr, J.
McAdam. having obtained judgment against Soria, caused execution to issue, and the sheriff seized certain carts and wagons as the property of Soria.
Rainey, by way of intervention and third opposition, claimed to be the owner of these movables, alleging that they had been sold and delivered to him by Soria, for a valuable consideration, before the seizTire. On affidavit and bond he obtained an injunction against further proceedings under the seizure.
McAdam answered by general denial: and he alleged that intervenor was not the true and lawful owner: that the alleged sale to him was fraudulent and simulated, and not real-and made in good faith; ■and that it was contrived between Soria and intervenor to shield and .protect the property of Soria from the pursuit of his creditors.
“ Respondent distinctly denies any real sale, or delivery, or consider•ation as alleged in intervenor’s petition.”
The-judgment of the District Court was in favor of McAdam, dissolving the injunction, and setting aside the sale made by Soria to Rainey, as null and void. The following'extract from the opinion of the •court presents the questions to be considered on the appeal of Rainey from this j udgment:
“ The answer raises the issue of simulation very clearly. It contains some of the allegations necessary to a revocatory action, but does not contain all the averments necessary to such an action. It does not .aver that Soria was insolvent at the date of the sale, that Rainey knew that Soria was insolvent, that the sale, if carried into execution, would have the effect of defrauding the plaintiff, McAdam. Evidence was introduced, however, to show all of these facts, and there was no objec *863 tion made to the admissibility of such evidence. Effect must be given to evidence received without objection, when no prohibitory law intervenes, and where the action brought resembles the one in which the evidence is applicable as closely as the action en declaration de simulation resembles the revocatory action.
“ The case has been fully tried without objection as a revocatory action, and it would be a vain thing to try the issue over again, in the form of a direct action. Simulation Ms not been shown, but it is clear that the sale to Rainey was in fraud of creditors.”
The settled jurisprudence is, that, where the alleged- sale is a mere simulation, it may be disregarded, treated as a nullity by the creditor of the seller; and he may seize the property under execution, or attach it for the debt of the seller. But where there is a real sale, however fraudulent, the creditor can not seize the property in the possession of the purchaser, but must resort to the revocatory action. The numerous cases in the Reports establishing this doctrine, proceed upon the plain propositions, that a mere simulation is a nullity, and does not transfer the property; while a real sale, perfected by delivery, although voidable for fraud, divests the title of the seller, and vests the ownership and possession in the purchaser.
A simulation which is not fraudulent because it is not prejudicial to the rights of creditors, can not be attacked by them. There is a manifest distinction between a fraudulent simulation, that is, a pretended contract which is in fraud of the rights of creditors, and a fraudulent sale, which is a real contract. The fraudulent simulation, a mere pretense, without reality, need not be attacked by suit; the sale, a reality though fraudulent, must be set aside by judgment, in an action brought for that purpose. See St. Avid vs. Weimprender, 9 Mart. 649 ; Richards vs. Nolan, 3 N. S. 336; Barbarin vs. Saucier, 5 N. S. 361; Peet vs. Morgan, 6 N. S. 139 ; Morton vs. Crosby, 14 La. 426; Cammack vs. Watson, 1 A. 132 ; Emswiler vs. Burham, 6 A. 716 ; Bevens vs. Weill, 30 A. 186.
It is obvious that the Judge of the District Court was of opinion that the case made by the pleadings was one of simulation vel non; and that the case proven was not a simulation. In these conclusions we fully concur with him. The sale to Rainey was perfected by delivery. The carts and wagons were removed from the store of Soria to a distant cotton press, the place of delivery designated by Rainey; and Rainey executed and delivered to Soria two promissory notes, at three and four months, for the price, in accordance with the terms of sale. One of these notes was discounted in bank on the indorsement of Soria -alone ; so that the credit of the maker must have been undoubted.
The judge was of opinion, however, that the want of the allegations in the pleadings requisite to the revocatory action, were supplied by the *864 testimony adduced on the trial, and received without objection. We differ with him in the conclusion that the failure of intervenor to object to the evidence was-a consent to try the case as a revocatory.action ; or that it authorized the judgment appropriate to that action.
As we have already stated, it is only where a simulation is fraudulent, because prejudicial to the rights of creditors, -that it can be attacked by them. The same contract can not be treated as a fraudulent simulation and as a fraudulent sale; because it can not be a mere pretense, and at the same time a reality. The testimony to prove a fraudulent sale would be applicable to an alleged fraudulent simulation : that is, it would be necessary, in the one case and in the other, to prove fraud, since, in either case, fraud is the basis of the creditor’s right to pursue the property. In Weeks vs. Flower, 9 La. 385, proof of fraud, although objected to, was held to be admissible to show that the contract was simulated, and intended to cover the property from the pursuit of the seizing creditor; and in Emswiler vs. Burham, 6 A. 717, where the same objection was made, the court said: “Fraud may always be proved, in support of the allegation of the simulated transfer of property, by those interested to establish the simulation.”
The testimony which would have tended to prove a fraudulent sale, if that had been the issue in this case, was proper and admissible to prove a fraudulent simulation, which actually was the issue. No consent of the intervenor, therefore, to try the case as a revocatory action, can be implied from his failure to object to testimony which was admissible under the pleadings.
The rule, which has been applied to immovables, without exception, is' thus stated: Where a person is in possession under a conveyance not void upon its face, the question of fraud can not be inquired into collaterally, by commencing with a seizure; and the complaining creditor must resort to the revocatory action. See Weeks vs. Flower, 9 La. 385 ; Morton vs. Crosby, 14 La. 426; Kirkland vs. G. L. Bank, 1 A. 300. In the latter case the opinion was expressed, for the first and only time, so we are informed, that this rule is not applicable to movables. It was applied to movables in Peet vs. Morgan, 6 N. S. 139 ; Taylor vs. Whittemore, 2 Rob. 101; Presas vs. Lanata, 11 Rob. 288 ; England vs. Commercial Ins. Co., 16 A. 5; Austin vs. Da Rocha, 23 A. 44; Bass vs. Messick, 30 A. 373 ; and it was fully recognized in Guidry vs. Lyons, 29 A., in which' there was a simulated sale of sugar and molasses, with intent to defraud creditors.
In Danjean vs. Blacketer, 13 A. 595, the pretended sale included movables and immovables; and the property was attached by creditors of the seller. We infer from the opinion of the court that the case *865 was tried as if the issues of a simulation and oí a fraudulent sale had been joined ; and the attachment was maintained.
If this case and that in 1 A. 300, are to be understood, the one as excepting movables from the general rule, the other as authorizing the creditor to attack collaterally, by commencing with a seizure, a real though fraudulent sale, they are in conflict with the jurisprudence, otherwise uniform, of more than half a century; and we can not consent to accept them as authoritative. It may seem to be a vain thing to try the issue of fraud over again, in the form of a revocatory action; but we think the only issue which could have been passed upon in this case was that of simulation, the only issue which the creditor has a right to make when he commences with the seizure of the property. Proof of the sale, and of the delivery, and of the payment of the price, in accordance with the terms of the sale, suffices to show a real contract, however fraudulent; and to compel a resort to the revocatory action. Whatever may be our views of the ultimate rights of the parties, we are constrained to declare that the law of Louisiana does not permit the creditor to disregard possession, under a real title, not void upon its face, and to seize the property as if there had been no change of title, and no corresponding change of possession.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed: that the injunction, granted in limine, on the intervention and third opposition of John S. Rainey, be reinstated, and be made perpetual without prejudice to the right of Michael J. McAdam to pursue the property in question by the revocatory action which is expressly reserved to him; and that the said Michael J. McAdam, appellee, pay the costs in this court and in the District Court.
Rehearing refused.