## No. 13,356.

NANCY WEATHERS vs. PAUL PECOT, SHERIFF, ET ALS.

### SYLLABUS.

Where the third person enjoining a sale of real estate holds under a conveyance, valid on its face, accompanied by delivery and continuous possession as

owner to the date of seizure, he is entitled to have his injunction sustained and perpetuated; and the creditor in such case must resort to a direct action to set the sale aside.

APPEAL from the Twenty-Fourth Judicial District Court, Parish of St. Mary.—*Allen, J.*

*Milling & Sanders* and *John B. Roberts* for Plaintiff, Appellee.

*Philip H. Mentz* for Defendant, Appellant.

The opinion of the court was delivered by

WATKINS, J. This is a third opposition, coupled with an injunction restraining a sale of certain real estate which had been seized by the defendant, sheriff, under a writ of execution; and the opponent claims ownership of the property in her own right, and that she is in possession under a title translative of property.

The issue involved is merely whether the plaintiff as possessor of real estate under a title translative of property and duly recorded, is entitled to require a creditor of her vendor to institute an action to annul the same; or, has the judgment creditor the right to disregard her possession and title, and seize the same, treating it as simulated.

Plaintiff's claim is, that on the 20th of December, 1894, E. J. Callery sold to her a house and lot in a village called "Freetown" in the Parish of St. Mary—said sale being evidenced by a notarial act. That she, as vendee, immediately went into possession of said property, and has since continuously held possession until a recent date, when same was seized under a judgment in a suit entitled Noveret vs. Callery— said judgment having been rendered upon a promissory note of a date more recent than the date of her acquisition of the property.

The seizing creditor filed an answer and alleged that the sale upon which the plaintiff claimed ownership was a fraudulent simulation and vested in her no title whatever.

On these issues, the case went to trial, and a judgment was rendered perpetuating the plaintiff's injunction "in so far as it prohibits the direct seizure and sale of the property described in plaintiff's petition;" but reserved the right of the defendant to bring a direct action to set aside said transfer to the plaintiff. In the course of the argument, plaintiff's counsel attracted our attention to the fact that the debt upon which the seizing creditor's judgment was founded, was

contracted subsequent to the date of her title and possession; and he contended that in such case a creditor of the vendee was without any interest to attack it, but that, in any event, conceding *arguendo* that the seizing creditor had the right, his further insistence is, that he had no right to disregard her title and seize the property as that of his debtor upon the assumption that her title was simulated; that on the contrary, his only remedy was by a suit to annul her title on making proof of simulation.

Upon these questions, counsel on both sides have cited quite a number of authorities.

The question here presented was examined and most exhaustively considered in the case of Willis vs. Scott, 33rd Ann., 1026, and the court, speaking through Mr. Justice Fenner as its organ, employed this language:

"In the following cases it has been distinctly decided that, where the third person enjoining held under a conveyance, valid on its face, accompanied by delivery and continuous possession, as owner, to the date of the seizure, and where the defense was, as in this case, fraudulent simulation, a seizure, in disregard of such title and possession, could not be sustained, but the creditor must resort to a direct action, revocatory, or *en declaration de simulation.*

"Peet vs. Morgan, 6 N. S., 140, 580; Yocum vs. Bullet, 6 N. S., 324; Trahan vs. McMannus, 2nd La., 214; Weeks vs. Flower, 9 La., 385; Morton vs. Crosby, 14 La., 426; Presas vs. Lanatta, 11 Rob., 288; Kirkland vs. Gas Light Company, 1 Ann., 300; Collins vs. Shaffer, 20 Ann., 41; McAdam vs. Soria, 31st Ann., 864; Payne vs. Graham, 23rd Ann., 771; Samory vs. Hebrard, 17 La., 555; Laville vs. Hebrard, 1st Rob., 435; LeGoaster vs. Barthe, 2nd Rob., 389; Drummond vs. Commissioners, 7 Rob., 234; Fisher vs. Moore, 12th Rob., 95."

In the principal case, the enjoining plaintiff claimed the ownership of immovable property, as in this case; and the seizing creditor claimed the right to seize the property upon the ground that the plaintiff's title was a fraudulent simulation, as in this case.

Many cases can be cited, and were cited by the court in that case, of seizures having been justified on the ground of the claimant's title being a fraudulent simulation, but those cases will be found to refer to that class of cases alone wherein the claimant was not in actual possession of the property at the time of the seizure.

On this question, the following cases may be consulted:

Erwin vs. Bank, 5th Ann., 1; Hughes vs. Winfrey, 5 Ann., 668; Maxwell vs. Mallard, 5th Ann., 702; Emswiler vs. Burham, 6th Ann., 710; Dosson vs. Bieller, 10th Ann., 570; Knight vs. Murchinson, 1 Rob., 31; Shadburne vs. Amonett, 7 Ann., 89; Bachemin vs. Chaperon, etc., 15th Ann., 5; Betts vs. Mougin, 15th Ann., 53; Davis vs. Stern, 15th Ann., 177; Viala vs. Burguieres, 19th Ann., 153; Guidry vs. Lyons, 29th Ann., 4; Hobgood vs. Brown, 2nd Ann., 323; Lindeman vs. Theobalds, 2nd Ann., 912; Emswiler vs. Burham, 6th Ann., 716; Simpson vs. Cleveland, 12th Ann., 173.

After having examined and cited authorities, the court, in the principal case, makes this statement:

"In most of the cases in which a contrary doctrine has been indicated, it will be found that there was either entire absence, or interruption, or some infirmity or ambiguity of the possession established, which tended to rebut the presumption of ownership, and to create an *indicium* of simulation. Where the title, possession and control of the claimant have all been perfect and complete, on their face, it has never been held, in any well-considered case, that the transaction could be treated as such a pure simulation as to maintain a direct seizure."

The case of Vickers vs. Block, 31st Ann., 672, is not at variance with the rule stated in Willis vs. Scott, for the reason that the third person enjoining was the wife of the deceased debtor and held under a title which had not been recorded; and, consequently, that case falls within the exception stated therein.

Very much the same may be said of Carter vs. Farrell, 39th Ann., 102, as the court referred to the opinion in Willis vs. Scott, and differenced it from the case then under consideration, as is fully shown by the following:

"In the argument of counsel it was stated that the judge *a quo* was governed in his ruling on this question of evidence by the authority of Willis vs. Scott, 33 Ann., 1026.

"We think he has extended the doctrine of that decision beyond its true limits.

"We there laid down the general rule, that immovable property held under a title translative of property, accompanied by actual delivery and continuous possession and control as owner, could not be directly seized by a creditor of the transferror; but we clearly indicated that, for the application of this rule, it was necessary that the

State ex rel. State Pharmaceutical Association et al. vs. Secretary of State.

possession and control should be 'perfect and complete,' and when there was any interruption or infirmity or ambiguity of the possession established, which tended to rebut the presumption of ownership and create an *indicium* of simulation, the rule would not apply."

In that case it was shown that the enjoining owner did not have possession of the property.

. Counsel for the defendant attracts attention to our decision in Pruyn vs. Young, 51 Ann., 320, as sustaining his view; but a reference to that opinion discloses that plaintiff admitted that he did not take corporeal possession of the property—consequently that case falls also within the exception stated in Willis vs. Scott.

The facts of this case clearly disclose that the plaintiff was in possession of the property seized at the date of the seizure under a recorded title translative of property; and therefore the decision of the District Court was properly based on the opinion expressed in Willis vs. Scott. We are, therefore, of the opinion that the judge *a quo* correctly held, that the seizing creditor of plaintiff's vendor was without right to make a direct seizure, and that he should have resorted to a direct action in avoidance of the sale. But, we are, also, of the opinion, that he properly reserved all the rights of the seizing creditor to attack the sale on the charge of simulation.

Judgment affirmed.