## No. 13,564.

GEORGE B. PENROSE, TREASURER OF THE CITY OF NEW ORLEANS, vs. SUCCESSION OF J. J. GRAGARD.

### SYLLABUS.

Plaintiff sues for taxes. Defendant was a commission merchant. The property assessed in his name was property received by him as consignee. Property must be assessed in the name of the owner. The consignee, under the terms of the statute, is not made the collecting agent to collect taxes from his customers. If any taxes be due, it is a matter between the consignor and the city.

The administrator cannot be made to account for taxes not due by the succession he represents.

APPEAL from the Civil District Court, Parish of Orleans— *King, J.*

*Samuel L. Gilmore,* City Attorney, *M. Dracos Dimitry,* Assistant City Attorney, for Plantiff, Appellant.

*James F. Pierson* and *Horace E. Upton* for Defendant, Appellee.

The opinion of the court was delivered by

BREAUX, J.   The City of New Orleans claims taxes from the legal representatives of the Succession of J. J. Gragard, in the sum of two thousand and eighty-four dollars, with interest at the rate of ten per cent. thereon from the respective maturities of the tax bills.

The property on which the taxes are claimed is movable and has been assessed for the years 1894 to 1899.

The treasurer of the city proceeded by rule against the administrator of the succession to compel him to deliver the property assessed to be sold to enable him to collect taxes due.   The administrator sought to meet plaintiff's rule by denying that he ever had the property in his possession on which plaintiff is seeking to collect taxes.   The city, after the answer had been filed, discontinued its proceedings and subsequently sued out a second rule for the amount of taxes before mentioned, claiming that she is entitled to preference without waiting for a final account of administration and invoking the first rule as having had the effect of a demand for the production of the property assessed to be seized and sold for taxes; that, in his answer to the first rule, the administrator admitted that he did not have the property in his possession.   The city, through its treasurer, asked for a rule to compel the administrator to pay the taxes out of "any other funds or property in his possession belonging to the succession, or, in default, for a personal judgment against him for the amount."

The defendant in rule, among other grounds, sets forth in an exception that the plaintiff in rule does not show that the City of New Orleans has any privilege on any property or proceeds of property or other funds belonging to the succession or in the hands of the administrator out of which payment of taxes is claimed; that the city has no privilege on any property of the succession in the hands of the administrator; that if a creditor at all, she is only an ordinary creditor, and payment can not be enforced by rule; that it can be paid, if at all, only contradictorily with other creditors in a distribution of the funds and on account with the presence or concurrence of all the other cred-

itors. The defendant in rule also filed an answer setting forth the grounds of defense at considerable length.

The case is before us for decision on an agreed statement of facts showing that part of the property assessed to J. J. Gragard, who died insolvent, was staves held by him on consignment for sale for account of different consignors and that he was not the owner of them. They were all sold for account of the different consignors. With reference to the cotton and other remaining property for which taxes are claimed, it is admitted that the defendant, before his death, was a cotton factor and commission merchant in New Orleans for a number of years, and that he received cotton as he received the staves, on consignment to be sold for account of the consignors; that prior to the sale of the cotton, he obtained advances from each of the banks in the city for a limited amount, which he, in turn, advanced to his customers; that in this way he held bills and accounts receivable of the various consignors and that such bills and accounts were carried by him to meet the settlements with the banks for the advances made through them upon the cotton consigned and that they constituted the bills receivable which were assessed to him for the years stated in the assessment; that the commission business was carried on in this way until the date of his death, at which time none of the property in question was in his possession.

We take for decision the proposition that one not an owner is under no obligation to pay the taxes assessed against him.

We have seen that the staves assessed against him were never the property of the late J. J. Gragard. He only had them in his possession as a commission merchant. He sold the staves and accounted, as we understand, to the owner. The property itself was not subject to taxation as the property of the commission merchant as owner, for he was not the owner. The cotton received and sold under a similar state of facts was not subject to taxation in the hands of the consignee, as owner, who held it and sold it for account of its true owner, nor, for the same reason, were the proceeds of the sale subject to taxation as being the personal property of the cotton factor.

Conceding for the moment that the property was subject to assessment, although assessed and taxes paid prior to consignment (a difficult problem to solve against the owner, we must say), yet it should be assessed in the name and for the account of the owner and not in the name and for the account of the consignee. The duty of the assessor is to assess property in the name of the owner. The different statutes on

the subject of assessment have always provided for some identification of the property assessed, and the most direct method of identification is in the name of the owner, which we take to be indispensable, unless the owner is unknown.

The following statutes upon the point, viz. Section 19 of Act 170 of 1888, and Act 106 of 1890, have been interpreted in McWilliams vs. Michel, 43 Ann. 988, and in Norres vs. Hays, 44 Ann. 907, and it has always been held that the assessment must be made in the name of the owner. Assessment in the names of the different consignees was never contemplated. Such assessment would bring about no end of confusion in business. The consignee would experience very great difficulty in collecting the taxes paid by him for his consignors. If he had a number of consignors, it would require special vigilance and watchfulness to determine the amount due by each, even if it were assumed that the consignor would rest content in the presence of a charge against him for taxes for which he had never been assessed.

We have passed, without decision or comment, the different issues raised regarding the liability of an administrator who represents a succession owing taxes. We rest our decision on the fact that the property was not assessed in the name of the owner and that, in consequence, it created no right for which the administrator could be held either as administrator or personally.

For these reasons, the judgment appealed from is affirmed.