(60 South. 362.)

No. 19,283.

MERCHANTS' & FARMERS' BANK v. HARRIS (HEARIN, Intervener).

(Dec. 16, 1912. Rehearing Denied Jan. 6, 1913.)

*(Syllabus by the Court.)*

1. FRAUDULENT CONVEYANCES (§ 154*) — DEEDS—RECORD—DELAY.

Where one in good faith purchases land, for which he gives notes, and goes into possession, the mere fact that there was some delay in recording his title, but he does so before the land had been attached in a suit against his vendor, does not afford ground sufficient on which to base a judgment decreeing the sale a simulation.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 485–492; Dec. Dig. § 154.*]

2. FRAUDULENT CONVEYANCES (§ 227*)—REMEDY—ATTACHMENT—DIRECT ACTION.

As there was a sale and possession, apparently in good faith, and for a consideration, a direct action should have been brought to divest the vendee and intervener of his property.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 589, 659, 665–667; Dec. Dig. § 227.*]

3. FRAUDULENT CONVEYANCES (§ 227*)—CREDITORS' REMEDY.

If the sale was one made in fraud of creditors by the defendant, then an action on that ground might be brought by the plaintiff in order to divest the intervener of his property.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 589, 659, 665–667; Dec. Dig. § 227.*]

4. APPEAL AND ERROR (§ 1008*)—REVIEW—FINDINGS OF TRIAL JUDGE.

As the trial judge heard the witnesses and was in a position to correctly appreciate the testimony, his judgment will not be disturbed, in the absence of a clear showing of error on his part.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3960, 3962–3969; Dec. Dig. § 1008.*]

Appeal from Third Judicial District Court, Parish of Claiborne; W. P. Edwards, Judge.

Action by the Merchants' & Farmers' Bank against D. F. Harris, in which J. A. Hearin intervened, claiming certain attached property. Judgment in favor of plaintiff against defendant and in favor of intervener as to the property attached, and plaintiff appeals. Affirmed.

Moore & Walker, of Homer, for appellant. Richardson & Richardson, of Homer, for intervener and appellee.

BREAUX, C. J. Plaintiff sued to recover judgment on a promissory note due by defendant, an absentee, who was proceeded against by writ of attachment. Defendant does not complain of the judgment nor of the attachment.

J. A. Hearin intervened, and claimed to be the owner of the land attached. The contention is between plaintiff and intervener.

Plaintiff answered the intervention, and alleged that the intervener was not in posses-

sion of the land at the time of the seizure, and that he had never been in possession of the property. It further alleged that the intervener's asserted title was a sham and a simulation to defraud it and other creditors.

Judgment was rendered in favor of plaintiff against defendant and in favor of the intervener for the land.

The questions at issue are intervener's possession vel non at the time of the seizure and the verity of the sale under which the intervener claims to hold.

The evidence shows that, two or three days prior to the sale of the land by the defendant to the intervener, the intervener went into possession as owner. He was on the place and accepted delivery. Intervener relies very much upon his own testimony to sustain his claim. Its truthfulness has been very much attacked by plaintiff. In rebuttal, the intervener proved that he has a good reputation, and that he is a man of some responsibility, morally and financially. He sustained his character sufficiently to favorably impress the district judge to the extent of sustaining his testimony in certain particulars. He testified that he did not know of the insolvent condition of the defendant at the time of the purchase, and that he bought in the utmost good faith and executed his notes for the price. There was a vendor's privilege on the property at the time. He stipulated, he testified, that the vendor's privilege should be satisfied from the first notes due.

[1] The defendant also testified, corroborating the intervener. The deed of sale under which the intervener holds was not recorded at the date that he went into possession, but he had had it recorded, somewhat hastily it must be said, at the date that the property was taken possession of under the writ of attachment.

The haste of intervener in reaching the clerk's office to have the deed recorded af-forded plaintiff the opportunity of criticising his conduct in that respect.

Although, perhaps, there is some ground for the criticism, we are not of the opinion that it should be fatal to the title; and if it was timely recorded, to it effect must be given as prior in date.

[2] We have already substantially stated that the sale was signed and the property delivered prior to the attachment of the land. As there was a sale and possession, apparently in good faith, and for a consideration, a direct action is the remedy. Weathers v. Pecot, 52 La. Ann. 932, 27 South. 538; Burg v. Rivera, 105 La. 146, 29 South. 482.

The sale ought not to be annuled, unless it is manifestly a simulation beyond all question; parties being in possession under a deed.

[3] Something was said by plaintiff about defendant's defrauding creditors. The action was brought to have a sale decreed simulated. This does not include an action to have the property restored, on the ground that the deed was made in fraud of creditors. That action is not before us.

To return for a moment to the price, which witnesses for the intervener say was earnest, it is true that no cash was paid; only notes were given. It does seem that they were given under circumstances showing that they were given in good faith. Intervener was worth some twenty-five or thirty thousand dollars, a good man, it is said, in possession of the property with a deed.

[4] The judge of the district court, who knows these parties, thought that the sale should not be annuled on the ground of simulation. Unless error is shown, we are decidedly of the opinion that the judgment, rendered as this was, should not be disturbed.

For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.